**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILBUR LANN PITTMAN,<br><br>                                    Petitioner,<br><br>                 v.<br><br>R HERNANDEZ, Warden, et al.,<br><br>                                    Respondents. | Civil No.    10-0534 DMS (JMA)<br><br>**ORDER:**<br>**(1) DENYING MOTION TO PROCEED**<br>**IN FORMA PAUPERIS; and**<br><br>**(2)  DISMISSING CASE**<br>**WITHOUT PREJUDICE AND WITH**<br>**LEAVE TO AMEND** |

        Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 together with a motion to proceed in forma pauperis.

### MOTION TO PROCEED IN FORMA PAUPERIS

        The request to proceed in forma pauperis is **DENIED** because Petitioner has not provided the Court with sufficient information to determine Petitioner's financial status.  A request to proceed in forma pauperis made by a state prisoner must include a certificate from the warden or other appropriate officer showing the amount of money or securities Petitioner has on account in the institution.  Rule 3(a)(2), 28 U.S.C. foll. § 2254; Local Rule 3.2.  Petitioner has failed to provide the Court with the required Prison Certificate.

        In addition, a request to proceed in forma pauperis made by a state prisoner must be executed by the petitioner under penalty of perjury.  *See* Local Rule 3.2; Rule 3(a), 28 U.S.C. foll. § 2254.  Here, Petitioner has failed to sign the form.

1

<u>**VENUE**</u>

2      A petition for writ of habeas corpus may be filed in the United States District Court of

3 either the judicial district in which the petitioner is presently confined or the judicial district in

4 which he was convicted and sentenced.  *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial*

5 *Circuit Court*, 410 U.S. 484, 497 (1973).  Petitioner is presently confined at California

6 Rehabilitation Center in Norco, California, which is within the jurisdictional boundaries of the

7 United States District Court for the Central District of California, Eastern Division.  *See*

8 28 U.S.C. § 84(c)(1).  It is not clear from the petition where the state court conviction Petitioner

9 seeks to challenge occurred.  *See id.*  Thus, this Court may not have jurisdiction over the matter.

10 If Petitioner wishes to proceed with this case, he must inform the Court where the state court

11 conviction he seeks to challenge took place.

12

**<u>FAILURE TO USE PROPER FORM</u>**

13      Additionally, a Petition for Writ of Habeas Corpus must be submitted in accordance with

14 the Local Rules of the United States District Court for the Southern District of California.  *See*

15 Rule 2(c), 28 U.S.C. foll. § 2254.  In order to comply with the Local Rules, the petition must be

16 submitted upon a court-approved form and in accordance with the instructions approved by the

17 Court.  Presently, Petitioner has submitted an application for writ of habeas corpus on a non-

18 approved form.

19

<u>**FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**</u>

20      Further, habeas petitioners who wish to challenge either their state court conviction or the

21 length of their confinement in state prison, must first exhaust state judicial remedies.  28 U.S.C.

22 § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).  Ordinarily, to satisfy the

23 exhaustion requirement, a petitioner must "fairly present[] his federal claim to the highest state

24 court with jurisdiction to consider it . . . or . . . demonstrate[] that no state remedy remains

25 available.  *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citing *Picard v. Connor*, 404

26 U.S. 270, 275 (1971); *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).  Moreover, to properly

27 exhaust state court remedies a petitioner must allege, in state court, how one or more of his or

28 her federal rights have been violated.  For example, "[i]f a habeas petitioner wishes to claim that

an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court." *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)(emphasis added).

Nowhere on the Petition does Petitioner allege that he raised his claims in the California Supreme Court.  In fact, he specifically indicates he did not seek review in the California Supreme Court. (*See* Pet. at 3-10.)  If Petitioner has raised his claims in the California Supreme Court he must so specify.

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings.").  However, absent some other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is pending.  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

1    Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a

2    habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to

3    it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll.

4    § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal

5    habeas relief because he has not alleged exhaustion of state court remedies.

6                    **FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM**

7            Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner

8    has failed to allege that his state court conviction or sentence violates the Constitution of the

9    United States.

10           Title 28, United States Code, § 2254(a), sets forth the following scope of review for

11   federal habeas corpus claims:

12                  The Supreme Court, a Justice thereof, a circuit judge, or a district
                    court shall entertain an application for a writ of habeas corpus in
13                  behalf of a person in custody pursuant to the judgment of a State
                    court only on the ground that he is in custody in <u>violation of the</u>
14                  <u>Constitution or laws or treaties of the United States.</u>

15   28 U.S.C. § 2254(a) (emphasis added). *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir.

16   1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800

17   F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim

18   under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of

19   a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the

20   United States." *See* 28 U.S.C. § 2254(a). In no way does Petitioner claim he is "in custody in

21   violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

22                                   **CONCLUSION**

23           For all the foregoing reasons, the Court **DISMISSES** this case without prejudice and with

24   leave to amend. If Petitioner wishes to proceed with this case, he must, **no later than May 21,**

25   / / /

26   / / /

27   / / /

28   / / /

**2010**: (1) pay the $5.00 filing fee **OR** submit adequate proof of his inability to pay the fee; **AND** (2) file a First Amended Petition which cures the pleading deficiencies outlined in this Order. **THE CLERK OF COURT IS DIRECTED TO MAIL PETITIONER A BLANK MOTION TO PROCEED IN FORMA PAUPERIS AND A BLANK FIRST AMENDED PETITION FORM TOGETHER WITH A COPY OF THIS ORDER.**

        **IT IS SO ORDERED.**


**DATED:  March 16, 2010**

_____

**HON. DANA M. SABRAW**
**United States District Judge**